

FILED

AUG 0 . 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| STATE OF MARYLAND, | ) |
| COMMONWEALTH OF VIRGINIA, and | ) |
| STATE OF WEST VIRGINIA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| vs. | ) Civil Action No. 10- 1742 |
| | ) |
| | ) |
| HOVNANIAN ENTERPRISES, INC., | ) |
| Defendant. | ) |
| | ) |

## CONSENT DECREE

## TABLE OF CONTENTS

I. DEFINITIONS ............................................................................................... 5

II. JURISDICTION AND VENUE ...................................................................... 13

III. APPLICABILITY .......................................................................................... 14

IV. BUILDERS COMPLIANCE PROGRAM ...................................................... 15

V. CIVIL PENALTY .......................................................................................... 35

VI. REPORTING REQUIREMENTS .................................................................. 38

VII. STIPULATED PENALTIES .......................................................................... 38

VIII. FORCE MAJEURE ....................................................................................... 49

IX. DISPUTE RESOLUTION ............................................................................. 51

X. INFORMATION COLLECTION AND RETENTION ................................... 53

XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ......................... 55

XII. COSTS .......................................................................................................... 57

XIII. NOTICES ..................................................................................................... 58

XIV. **EFFECTIVE DATE** ............................................................................................. 62

XV. **RETENTION OF JURISDICTION** ....................................................................... 62

XVI. **MODIFICATION** ................................................................................................ 62

XVII. **TERMINATION** ................................................................................................ 63

XVIII. **PUBLIC PARTICIPATION** ............................................................................. 66

XIX. **SIGNATORIES/SERVICE** .................................................................................. 67

XX. **INTEGRATION** ................................................................................................... 67

XXI. **APPENDICES** ..................................................................................................... 67

XXII. **FINAL JUDGMENT** ........................................................................................ 68

Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Hovnanian Enterprises, Inc. has violated the Clean Water Act, 33 U.S.C. §§ 1251-1331 and the regulations promulgated pursuant to that statute, including the conditions and limitations of the Federal General Permit, the District of Columbia NPDES Construction General Permit No. DCR10000, the Virginia General Permit for Discharges of Stormwater from Construction Activities, the Maryland General Permit for Stormwater Associated with Construction Activity, and the West Virginia General NPDES/Water Pollution Control Permit No. WV0115924 for Stormwater Associated with Construction Activities, as well as individual permits for stormwater discharges from construction activities issued by some of these States.

Whereas, the District of Columbia, the State of Maryland, the Commonwealth of Virginia, and the State of West Virginia are co-Plaintiffs and have joined in the filing of the Complaint in this matter alleging that Hovnanian Enterprises, Inc., a New Jersey corporation, has violated the state clean water laws, including the following:  the District of Columbia Water Pollution Control Act; the Maryland Water Pollution Control Act; the Virginia Stormwater Management Act; and the West Virginia Water Pollution Act, and the regulations promulgated pursuant to those statutes including, respectively, the terms and conditions of the District of Columbia NPDES Construction General Permit No. DCR10000, the Virginia General Permit for Discharges of Stormwater from Construction Activities, the Maryland General Permit for Stormwater Associated with Construction

4

Activity, and the West Virginia General NPDES/Water Pollution Control Permit No. WV0115924 for Stormwater Associated with Construction Activities.

Whereas, Hovnanian Enterprises, Inc., does not admit any liability to the United States or to any of the State Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. DEFINITIONS

1.      Definitions. Except as specifically provided in this Consent Decree ("Decree"), the terms used in this Decree shall be defined in accordance with definitions in the Clean Water Act and the regulations promulgated pursuant to the Clean Water Act. Whenever the terms listed below are used in this Decree, the following definitions apply:

Action Item – a condition that requires action to be taken to achieve or maintain compliance with Storm Water Requirements.

Applicable Permit – whichever of the following permits is applicable to a particular Site: (i) the Federal General Permit for Storm Water Discharges from Construction Activities; or (ii) in the case of an Authorized State, the Authorized State's

National Pollutant Discharge Elimination System ("NPDES") construction general permit; or (iii) an individual NPDES permit issued by EPA or an Authorized State for storm water discharges associated with construction.  This term applies to that permit in its current form or as it may be amended in the future.

Authorized State – a state with an NPDES Program that has been authorized by EPA under § 402(b) of the CWA, 33 U.S.C. § 1342(b), and 40 C.F.R. Part 123 to issue individual or general NPDES permits including those for stormwater discharges associated with Construction Activity.

Best Management Practices ("BMPs") – the definition in 40 C.F.R. § 122.2, in its current form or as it may be amended in the future.  That definition currently is "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the pollution of 'waters of the United States.'  BMPs also include treatment requirements, operating procedures, and practices to control plant site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage."

Builder – Hovnanian Enterprises, Inc., its successors and assigns, as well as any subsidiaries, divisions, or related companies, including limited liability corporations, that engage in Construction Activity.  For the purposes of this definition, a "related company" means entities where Hovnanian Enterprises, Inc., or its successors and assigns, subsidiaries, divisions, or related companies, own a majority interest in the entity.

Business Day – any day other than a Saturday, Sunday, or State or Federal legal holiday.  If a stated time period in the Decree expires on a Saturday, Sunday, or State or Federal legal holiday, it shall be extended to include the next Business Day.

Clean Water Act ("CWA") – the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251-1387.

Complaint – shall mean the complaint filed by the United States, the District of Columbia, the State of Maryland, the Commonwealth of Virginia, and the State of West Virginia in this action;

Consent Decree or Decree – shall mean this Decree and all Appendices attached hereto (listed in Section XXI);

Construction Activity - shall include "small construction activity" and "large construction activity" as those terms are defined in 40 C.F.R.  122.26(b)(14)(x) and (15); as well as activities relating to the construction of individual residences and residential structures and other structures or facilities associated with such residences or residential structures.  It does not include routine maintenance that is performed to maintain the original line and grade, hydraulic capacity, or original purpose of the facility.

Contractor – any contractor (other than a Storm Water Consultant, a utility company or its contractor, or a contractor hired at the behest of a governmental entity or a utility company) that has a contract with Builder to perform work on a Site.

Contractor Representative – a person with the authority and responsibilities described in Paragraph 21(c) (Contractor and Storm Water Consultant Compliance).

7

Date of Entry – the date the court-approved Decree is entered in the civil docket under Fed. R. Civ. P. 79(a).

Designee – a Builder employee who is Storm Water Trained, pursuant to Paragraph 19 (Storm Water Training Program), or a "Storm Water Consultant" as that term is defined in this Paragraph.

Division – Builder's mid-level management unit, between national management and Site-level management, which manages multiple Sites and Projects. Builder may modify its divisional structure to meet its business needs, but a structural modification does not relieve Builder of compliance with this Decree.

Division Storm Water Compliance Representative – a Builder employee designated pursuant to Paragraph 9.b (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities for a Division (or for a comparable business unit if Builder or Division renames or reorganizes its internal structure).

Division-Wide Compliance Summary Report – a report in the form attached at Appendix F and as required by Paragraph 17 (Division-Wide Compliance Summary Report).

EPA – the U.S. Environmental Protection Agency.

Federal Plaintiff – the United States of America, acting on behalf of EPA.

Federal General Permit – the federal "NPDES General Permit for Storm Water Discharges from Construction Activities" issued by EPA on July 14, 2008 (73 Fed. Reg. 40338), as modified and amended, and any subsequent amendments or modifications thereto or other permits subsequently issued by EPA to implement the

8

requirements of 40 C.F.R. Parts 122, 123 and 124 for storm water discharges from construction activities.

Government Inspection – a local, state or federal inspection conducted to evaluate compliance with Storm Water Requirements.

List of Projects and Sites – a list of Projects and Sites as required by Paragraph 10 (Notice to EPA of List of Projects and Sites).

Listed Contractor – any Contractor in a category identified in Appendix I.

National Compliance Summary Report  – a report in the form attached at Appendix G and as required by Paragraph 18 (National Compliance Summary Report).

National Reporting Period – the time periods set out in Paragraph 18.

National Storm Water Compliance Representative – a Builder employee designated pursuant to Paragraph 9.c (Designation of Storm Water Compliance Representatives).

Notice of Intent ("NOI") – a request for coverage under an Applicable Permit.

Notice of Termination ("NOT") – notification that coverage under an Applicable Permit is ready for termination.

Paragraph – shall mean a portion of this Decree identified by an arabic numeral.

Parties – the United States, the Builder, the District of Columbia, the State of Maryland, the Commonwealth of Virginia and the State of  West Virginia.

Plaintiffs – the Federal Plaintiff, the District of Columbia, the State of Maryland, the Commonwealth of Virginia and the State of  West Virginia.

Pre-Construction Inspection and Review – the inspection and review required by Paragraph 13 (Pre-Construction Inspection and Review).

Pre-Construction Inspection and Review Form ("PCIR Form") – the form attached at Appendix C and as required by Paragraph 13 (Pre-Construction Inspection and Review).

Project - any area where Builder engages in Construction Activity, and where coverage under an Applicable Permit is not required. This term does not include single lot projects or construction of single residences that are not part of a plan of common development and disturb less than one acre of ground.

Quarterly Compliance Inspection – an inspection of a Site, as required by Paragraph 16 (Site Storm Water Compliance Review and Oversight).

Quarterly Compliance Inspection Form – the form attached at Appendix E and as required by Paragraph 16 (Site Storm Water Compliance Review and Oversight).

Quarterly Compliance Review – a compliance review of a Site as required by Paragraph 16 (Site Storm Water Compliance Review and Oversight).

Quarterly Compliance Review Form – the form attached at Appendix E and as required by Paragraph 16(Site Storm Water Compliance Review and Oversight).

Quarterly Reporting Period (or "QRP") – the first Quarterly Reporting period shall be from the Date of Entry until the end of whichever of the next calendar months first follows the Date of Entry: March, June, September, December. Thereafter, the Quarterly Reporting Period shall be each successive period of three (3) calendar months. The last day of the last Quarterly Reporting Period will be three (3) years after

10

the Date of Entry, even if this results in a Quarterly Reporting Period that is less than or more than three (3) full calendar months.

Record - any record, report, document or photograph required to be created or maintained pursuant to Storm Water Requirements.

Responsive Action – an action taken or that is necessary to be taken to achieve or maintain compliance with Storm Water Requirements.

Section – shall mean a portion of this Decree identified by a Roman numeral.

Site -- any area where Builder engages in construction activity that includes residences, or other construction associated with those residences, and where coverage under an Applicable Permit is required.  Builder may treat non-contiguous areas that are part of a common plan of development as a single Site.

Site Inspection – an inspection of a Site, as required by Paragraph 14 (Inspections).

Site Inspection Report – a form attached at Appendix D and as required by Paragraph 14 (Inspections).

Site Storm Water Compliance Representative ‹ a Builder employee designated pursuant to Paragraph 9.a (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities at a Site or multiple Sites.

State Plaintiff(s) – the District of Columbia, the State of Maryland, the Commonwealth of Virginia and the State of West Virginia.

Storm Water Compliance Representatives – Site Storm Water Compliance Representatives, Division Storm Water Compliance Representatives and the National Storm Water Compliance Representative.

Storm Water Consultant – a person or company who assists Builder in complying with Storm Water Requirements. Each person who is a Storm Water Consultant shall: (i) possess the skills to assess conditions at a Site that could impact the quality of storm water and non-storm water discharges and compliance with Storm Water Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control and other BMPs. The term "Storm Water Consultant" does not include Contractors hired exclusively to install, maintain, or repair BMPs. Such Contractors are not Designees.

Storm Water Consultant Representative – a position with the authority and responsibilities described in Paragraph 21(c) (Contractor and Storm Water Consultant Compliance).

Storm Water Orientation Program – this term includes all of the orientation requirements set forth in Paragraphs 20 and 21 (Storm Water Orientation, and Contractor and Storm Water Consultant Compliance).

Storm Water Plan or Storm Water Pollution Prevention Plan ("SWP" or "SWPPP") – a plan for controlling pollutants in storm water discharges and managing non-storm water discharges that meets Storm Water Requirements.

Storm Water Requirements – the terms and conditions of this Decree and the Applicable Permit for the particular Site, and the laws and regulations that apply,

12

interpret, or enforce the Applicable Permit, in their current form or as any of the foregoing requirements may be amended in the future.

Storm Water Trained – an individual who: (i) is certified under the Storm Water Training Program pursuant to Paragraph 19(a)(ii) and (iii) (Storm Water Training Program); or (ii) is certified by CPESC, Inc. under the Certified Professional in Erosion and Sediment Control ("CPESC") program, maintains a current CPESC certification, and receives the Builder-specific orientation described in Paragraph 20 (Storm Water Orientation Program); or (iii) is certified under another training program agreed to by the Federal Plaintiff after a request made to the Region III representative(s) listed in Section XIV (Notices).

Storm Water Training Program – this term includes all of the training required by Paragraph 19 (Storm Water Training Program).

United States – shall mean the United States of America, acting on behalf of EPA.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b) and over the Parties. For purposes of this Decree, or any action to enforce or interpret this Decree, Builder consents to the Court's jurisdiction over Builder, this Decree, and any action to interpret or enforce this Decree. Builder also consents to venue in this judicial district for this action and any action to interpret or enforce this Decree.

13

3. In accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), the United States has notified the States of Arizona, California, Delaware, Florida, Georgia, Illinois, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, South Carolina, Texas, and West Virginia, the District of Columbia, and the Commonwealths of Kentucky, Pennsylvania, and Virginia, of the commencement of this action.

## III. APPLICABILITY

4. Parties Bound. The obligations of this Decree apply to and are binding upon the United States and the State Plaintiff(s), and upon Builder. This Decree shall not be binding on any purchaser of real property who is not an entity otherwise covered by this Decree.

5. For any joint venture or partnership with any other entity (other than the Builder as defined in Paragraph 1 in which Builder participates for purposes of Construction Activity where such Activity requires an Applicable Permit, Builder shall include in any document governing such a joint venture or partnership which is executed by Builder following the Date of Entry the requirement that these entities shall obtain and comply with Applicable Permits. For each location at which such a joint venture or partnership engages in Construction Activity, Builder shall provide the information required by Paragraph 10.a(v).

6. Responsibility for Acts of Others. Builder shall be responsible for complying with Storm Water Requirements at Builder's Sites, and shall not be responsible for compliance with any Storm Water Requirements for areas which may be located near Builder's Sites, but over which Builder has no ownership or operational control. In any action to enforce this Decree, Builder shall not assert as a defense the

14

failure by any officer, director, trustee, servant, successor, assign, employee, agent, Contractor, sub-contractor or Storm Water Consultant to comply with Paragraphs 8 through 23 of this Decree.

7.     Builder shall not alter its general corporate structure or enter into agreements with third parties for the primary purpose of directly or indirectly circumventing the requirements of this Consent Decree.

## IV.  BUILDER'S COMPLIANCE PROGRAM

8.     Compliance. Builder shall comply with all applicable Storm Water Requirements at Builder's Sites and shall not violate the prohibition in Section 301(a) of the Clean Water Act by discharging pollutants in storm water without an Applicable Permit, or by making prohibited non-storm water discharges, to waters of the United States at any of Builder's Sites or Projects, and shall seek permit coverage prior to the Builder's commencement of Construction Activity as required by the applicable Storm Water Requirements.

9.     Designation of Storm Water Compliance Representatives.

a.     Builder shall designate at least one Site Storm Water Compliance Representative for each Site prior to signing the Pre-Construction Inspection and Review Form for that Site or within sixty (60) days of the Date of Entry, whichever is later. Builder may designate the same Site Storm Water Compliance Representative for a number of Sites. Builder acknowledges that each Site Storm Water Compliance Representative must fulfill all responsibilities as set forth below, regardless of the number of Sites to which that individual has been designated as the Site Storm Water Compliance Representative. If Builder designates more than one Site Storm Water Compliance

15

Representative at a Site, Builder shall create a document to be kept on Site that specifies how transitions between Site Storm Water Compliance Representatives shall be handled and how responsibility for non-delegated duties will be coordinated. Each Site Storm Water Compliance Representative shall:

        (i)     be a Builder employee;

        (ii)    be Storm Water Trained;

        (iii)   be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements at the Site, including work performed by Contractors, sub-contractors and Storm Water Consultants;

        (iv)   be authorized by Builder and have the responsibility to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements.

        (v)    be familiar with and have the authority and responsibility to update, amend, and certify the Site's SWP;

        (vi)   be the point of contact for the Site for regulatory officials, Builder employees, Contractors, sub-contractors and Storm Water Consultants regarding Storm Water Requirements; and

        (vii)  report to a Division Storm Water Compliance Representative regarding compliance with Storm Water Requirements.

16

b. Builder shall designate one Division Storm Water Compliance Representative for each Site within a Division prior to signing the Pre-Construction Inspection and Review Form for that Site or within thirty (30) days of the Date of Entry, whichever is later. Builder may designate the same Division Storm Water Compliance Representative for more than one Site or Division or designate multiple such Representatives for a single Division. The Division Storm Water Compliance Representative shall:

(i) be a Builder employee;

(ii) be Storm Water-Trained;

(iii) be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements in the Division including work performed by Contractors, sub-contractors and Storm Water Consultants;

(iv) be authorized by Builder to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend to Builder such other actions or sanctions as necessary to meet Storm Water Requirements; and

(v) be familiar with and have the authority to certify and amend SWPs.

c. Builder shall designate one National Storm Water Compliance Representative within seven (7) days of the Date of Entry. The National Storm Water Compliance Representative shall:

(i)     be a Builder employee;

(ii)     be Storm Water Trained within thirty (30) days of the Date of Entry;

(iii)     oversee the development and maintenance of the List of Projects and Sites established pursuant to Paragraph 10 (Notice to EPA of List of Projects and Sites);

(iv)     submit the National Compliance Summary Report to the Federal Plaintiffs, and submit to each of the State Plaintiffs the National Compliance Summary Report or the portion of the report that is relevant to their respective State pursuant to Paragraph 18 (National Compliance Summary Report); and

(v)     serve as Builder's point of contact for State and Federal Plaintiffs for Builder-wide compliance matters related to Storm Water Requirements.

d.     If a Storm Water Compliance Representative must be replaced and Builder replaces him or her within thirty (30) days of the vacancy, the gap in designation shall not be deemed a violation of Paragraph 9(a), (b), (c) or (g) of this Decree. However, the gap in designation shall not excuse non-compliance with any other Storm Water Requirement.  During the gap a Storm Water Trained Builder employee shall fulfill the signature requirements of Paragraphs 14(b), 16(c) and 17.

e.     Except as expressly provided in the Decree, Storm Water Compliance Representatives may delegate the performance of storm water compliance duties required under this Decree to Designees.  Any such delegation does not relieve Builder or its Storm Water Compliance Representatives of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.

(i)     Designees shall have sufficient authority to perform the delegated tasks; and

(ii)    The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph14 (Inspections) (other than a Quarterly Compliance Inspection under Paragraph 16 that also serves as a Site Inspection under Paragraph 14) at the Site during that quarter.

f.     Storm Water Compliance Representatives may also hire Contractors to install, maintain or repair BMPs.  Such Contractors need not be Designees to perform such tasks.  Any such use of Contractors does not relieve Builder or its Storm Water Compliance Representatives of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.

g.     Builder shall post the name and contact information for all Site Storm Water Compliance Representatives for a Site at a conspicuous location at that Site, such as at the construction office, or at an entrance or exit if the Site does not have a construction office.

10.    Notice to EPA of List of Projects and Sites.

a.     Within sixty (60) days after the Date of Entry, Builder shall provide a List of all Projects and Sites ("the List") to the EPA representatives listed in Section XIII in searchable electronic form or in hardcopy, in the format attached as Appendix A as described below.

(i)     The initial List shall include all Sites and Projects where Builder has initiated Construction Activity and where coverage under the Applicable Permit has not been terminated.

19

(ii)     The List shall provide: (A) the Site or Project name(s); and (B) the State and County in which the Site or Project is located.

(iii)    Builder shall also provide the following additional information for each Site on the List:  (A) the Site address, including the longitude and latitude of the Site and, if available, the primary street which the Site abuts; (B) the date that the Pre-Construction Inspection and Review Form was signed, for Sites where Builder commenced Construction Activity after the Date of Entry; (C) the estimated total number of acres that are included at the Site, whether or not all such acres will be disturbed; (D) the name of the permit holder(s); (E) the name and contact number for the relevant Site Storm Water Compliance Representative; (F) for subsequent quarterly updates as provided by Paragraph 10.b below, and when applicable, the date the NOT was signed; and (G) the date that Builder commenced its Construction Activity.  The Builder may also note on the List where Construction Activity has temporarily ceased. This additional information about each Site shall be provided either by adding the information to the List or by providing it by a hyperlink in the List to documents that contain the information (e.g. NOT, PCIR Form, NOI).

(iv)    For each of Builder's Projects, the List shall include the Project's name(s) and address.

(v)     In addition, for each location on the List, Builder shall include the name of each joint venture or partnership in which Builder participates at that location for purposes of Construction Activity as identified under Paragraph 5 (Joint Ventures and Partnerships) above.

20

b.      Builder shall provide to the EPA representatives listed in Section XIII, an updated List on or before the 30th day after the end of each calendar quarter thereafter. The updated List shall include the information provided in Paragraph 10(a) for each Site and Project, including new Sites and Projects. New Sites or Projects are those where commencement of Construction Activity occurred during the prior calendar quarter. For previously listed Sites, Builder is required to update only the permittee name and the date the NOT was signed, and this information shall be provided by either adding the information to the List or by providing it by a hyperlink in the List to documents that contain the information (e.g. NOI, PCIR Form, NOT). Builder may remove Sites from the updated List after the date permit coverage was terminated under the Applicable Permit pursuant to a NOT, but only after the date of permit coverage termination has appeared on at least one quarterly updated version of the List.

c.      For purposes of this Paragraph, Construction Activity does not include activities such as the installation of signage, geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of storm water controls that are not sediment basins, provided that none of these activities involves significant soil disturbance.

11.     Permits. Solely for the purposes of compliance with this Decree, at a Site where coverage under an Applicable Permit is or will be required, Builder shall obtain permit coverage at that Site prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This provision is not an admission by either Party as to the requirements for obtaining an Applicable Permit under the Clean Water Act.

21

12.    Storm Water Plans and Records

a.    For each Site, Builder shall prepare a Site-specific SWP prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This Paragraph only applies to Sites at which the Pre-Construction Inspection and Review Form is signed after the Date of Entry.

b.    Builder shall provide a copy of the SWP Criteria attached as Appendix B to the persons who prepare each of its SWPs. The development of all SWPs prepared after the Date of Entry shall be guided by the SWP Criteria.

c.    All SWPs and SWP amendments shall comply with the terms and conditions of the Applicable Permit, any applicable regulations and this Decree. Each SWP shall:

(i)    be Site specific;

(ii)    identify the BMPs that will be used for each anticipated major phase of construction;

(iii)    incorporate the inspection frequency and routine maintenance deadlines under the Applicable Permit;

(iv)    include clear, concise descriptions of Site-specific BMPs to implement the requirements of the Applicable Permit and to guide those responsible for overseeing implementation of the SWP at each stage of construction. The selection and design specifications of the Site-specific BMPs must comply with the Applicable Permit and any applicable regulations; and

> (v)    list the names of the Site Storm Water Compliance Representative(s) and of the Division Storm Water Representative for the Site.

d.    Each SWP shall contain a statement by the preparer that its development was guided by the requirements of Paragraph 12(c) and the SWP Criteria attached hereto as Appendix B.

e.    SWPs shall be revised or amended in accordance with the Applicable Permit.

f.    All SWPs and SWP amendments shall be certified if and as required by the Applicable Permit.

g.    The appropriate Site Storm Water Compliance Representative shall review the SWP, and such review shall not be delegated.

h.    The SWP and any records or documents required to be maintained by the Applicable Permit or Paragraphs 13 (Pre-Construction Inspection and Review), 9 (Designation of Storm Water Compliance Representatives), 14 (Inspections), and 15 (Maintenance) shall be maintained at the Site construction office if the Site has one. If there is no construction office, the location of the SWP and these records and documents shall be posted along with, or adjacent to, the contact information of the Site Storm Water Compliance Representative(s) required by Paragraph 9(g).

13.    Pre-Construction Inspection and Review.

a.    For Sites where Builder commences Construction Activity more than thirty (30) days after the Date of Entry, a Storm Water Compliance Representative

23

shall perform a Pre-Construction Inspection and Review prior to Builder's commencement of Construction Activity at that Site.

b.      For purposes of this Paragraph, the commencement of Construction Activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of BMPs that are not sediment basins, provided none of these activities involve significant soil disturbance.

c.      The Pre-Construction Inspection and Review shall include an inspection of the entire Site and completion of the Pre-Construction Inspection and Review Form attached at Appendix C. Prior to the commencement of Builder's Construction Activity, a Responsive Action shall be completed for each Action Item on the Pre-Construction Inspection and Review Form, identified during the Pre-Construction Inspection and Review. For those Action Items identified as existing prior to Builder's assuming ownership or operational control, in whole or in part, of a Site, Builder may require that the party responsible for the Action Item undertake the Responsive Action; all Responsive Actions, however, must be completed prior to Builder's commencement of Construction Activities.

d.      A Storm Water Compliance Representative shall review and sign the Pre-Construction Inspection and Review Form, a task that may not be delegated. The Pre-Construction Inspection and Review Form shall be kept on Site as per Paragraph 12(h).

e.      Where any entity other than Builder commenced construction activity at a Site and Builder assumes ownership or operational control, in whole or in

24

part, of that Site after the Date of Entry, Builder shall perform the Pre-Construction Inspection and Review within ten (10) business days after the Builder assumes ownership or operational control. The Pre-Construction Inspection and Review shall be limited to inspection of the areas of the Site which are under Builder's ownership or operational control. If subsequent to the initial Pre-Construction Inspection and Review, the Builder assumes ownership or operational control of other areas in the Site which were not covered in that initial Pre-Construction Inspection, the Builder shall perform a Pre-Construction Inspection and Review of any additional areas within ten (10) days after the Builder assumes ownership or operational control of such additional areas. Builder shall not be liable for violations at any Site which violations pre-date its ownership and/or operation at the Site, unless Builder is a successor to the prior owner by virtue of its affiliation with the prior owner, the nature of the corporate transaction, or pursuant to other legal doctrines. However, Builder shall as soon as practicable install and maintain appropriate BMPs for areas of the Site with unstabilized soils, or cause the party responsible for any Action Items to do so as soon as practicable. To the extent Builder fails to install and maintain appropriate BMPs, or to cause the party responsible for any Action Items to do so as soon as practicable, Builder shall be liable for all continuing or ongoing violations after assuming ownership and/or operation at the site.

14. <u>Inspections.</u>

a. At a minimum, the Site Storm Water Compliance Representative, or its Designee, shall inspect each Site at the frequency required by the Applicable Permit. The Site Inspection requirements for each Site shall go into effect on the date the

Pre-Construction Inspection and Review Form is signed, or on the date required by the Applicable Permit.

b.      Commencing thirty (30) days after the Date of Entry, the Site Storm Water Compliance Representative shall record Site Inspections on the Site Inspection Report form attached as Appendix D.  If a Designee conducts an inspection, the Site Storm Water Compliance Representative shall review the completed Site Inspection Report and acknowledge its review by signing the Site Inspection Report, a task that may not be delegated.  The Site Inspection Report shall be certified in accordance with the requirements of 40 C.F.R. § 122.22(d).  Failure to certify a Site Inspection Report is a material failure in documenting the Site Inspection.

c.      The final Site Inspection Report generated prior to the submittal of a NOT shall be clearly labeled as such.

d.      The Site Inspection Reports shall be kept with the SWP.

15.    Maintenance.

a.      Builder shall maintain each Site in accordance with Storm Water Requirements.

b.      For every Action Item on the Site Inspection Report that is identified during a Site Inspection required by Paragraph 14 (Inspections) or on the Quarterly Compliance Inspection Form that is identified during a Quarterly Compliance Inspection as required by Paragraph 16 (Site Storm Water Compliance Review and Oversight), the Site Storm Water Compliance Representative or a Contractor whose work is supervised by the Site Storm Water Compliance Representative shall record the information required on the applicable forms (Appendix C or D) (Responsive Action

Log) or in another single, identifiable document or database. The information required includes: a specific reference to the Action Item including the date of the inspection, the location and a description of the condition noted, a brief description of the Responsive Action taken, and the date the Responsive Action was completed. The Site Storm Water Compliance Representative need not (but may) record Responsive Actions completed during the inspection in which the Action Item was discovered, if the Responsive Action was noted in the Site Inspection Form. The Responsive Action Log, or the single identifiable document or database referenced above shall be kept on Site or other location as provided for in Paragraph 12(h).

16.     Site Storm Water Compliance Review and Oversight.

a.     Builder shall provide for Site oversight and review by following the procedures in the subparagraphs below.

b.     At least once during each Quarterly Reporting Period, beginning on the first Quarterly Reporting Period after the Date of Entry (or, if the first Quarterly Reporting Period is less than 45 days, the first full Quarterly Reporting Period) or the first Quarterly Reporting Period after the date the Pre-Construction Inspection and Review is signed, whichever is later, the Division Storm Water Compliance Representative shall conduct a Quarterly Compliance Inspection of each Site in its Division. The results shall be recorded on a Quarterly Compliance Inspection Form attached at Appendix E. The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 14 (Inspections) (other than a Quarterly Compliance Inspection under Paragraph 16 that also serves as a Site Inspection under Paragraph 14) at the Site during that Quarterly Reporting Period, unless the Site

Stormwater Compliance Representative was promoted to Division Storm Water Compliance Representative during that Quarterly Reporting Period.

c.     No later than seven (7) days after the Quarterly Compliance Inspection, the Division Storm Water Compliance Representative shall complete a Quarterly Compliance Review in accordance with the form attached at Appendix E.  The Division Storm Water Compliance Representative shall review the Quarterly Compliance Review Form for each Site with the Site Storm Water Compliance Representative(s), each of whom shall sign and certify the Quarterly Compliance Review Form as to the Site(s) to which he or she is assigned.  No task in this subparagraph may be delegated except as provided in Appendix  E2.

d.     The Site Storm Water Compliance Representative(s) shall be responsible for managing the completion of a Responsive Action for each Action Item on the form and identified during the Quarterly Compliance Inspection or Quarterly Compliance Review in the same manner as required under Paragraph 15(Maintenance).

e.     If a Quarterly Compliance Inspection and Review is missed, then the next Quarterly Compliance Review must also include the information required by the Review for the missed Quarterly Reporting Period.

17.     Division-Wide Compliance Summary Report.

Within thirty (30) days after the end of each Quarterly Reporting Period, the Division Storm Water Compliance Representative shall prepare a Division-Wide Compliance Summary Report in accordance with the form attached at Appendix F.  The Division-Wide Compliance Summary Report shall be reviewed and signed by the Division Storm Water Compliance Representative, a task that may not be delegated.

Copies shall be sent to all Site Storm Water Compliance Representatives within the Division and any other persons identified in Appendix F. If a Division-Wide Compliance Summary Report is missed, then the next Division-Wide Compliance Summary Report must also include the information for the missed report.

18.   National Compliance Summary Report.

a.   The National Storm Water Compliance Representative shall submit the National Compliance Summary Report to the EPA representatives listed in Section XIII, and submit to each of the State Plaintiffs the National Compliance Summary Report or the portion of the report that is relevant to their respective State, in accordance with the form attached as Appendix G. The National Storm Water Compliance Representative, or a Builder executive at a higher corporate level, shall certify the report. The tasks in this paragraph may not be delegated. The National Compliance Summary Report shall be due as follows:

(i)   If the Date of Entry falls in the first six months of the calendar year, the first National Compliance Summary Report shall cover the period between the Date of Entry and June 30th of that calendar year. The second National Compliance Summary Report shall cover July 1st through December 31st of that calendar year. The third and fourth National Compliance Summary Reports shall cover the next two full calendar years. The fourth National Compliance Summary Report shall cover the period between January 1 of the final calendar year and the third anniversary of the Date of Entry.

(ii)   If the Date of Entry falls in the second six months of the calendar year, the first National Compliance Summary Report shall cover the period

29

between the Date of Entry and December 31st of that calendar year. The second and third National Compliance Summary Reports shall cover the next two full calendar years. The fourth National Compliance Summary Report shall cover the period between January 1 of the final calendar year and the third anniversary of the Date of Entry.

(iii) All National Compliance Summary Reports will be due sixty (60) days after the last day of the period they cover. Copies shall be sent to the persons identified in Paragraph 62.

b.      The National Compliance Summary Report must contain, at a minimum, the information set forth in Appendix G.

19.     Storm Water Training Program.

a.      Builder shall implement the Storm Water Training Program attached as Appendix H. The Storm Water Training Program shall include: employee storm water training; Storm Water Compliance Representative training; and annual refresher training. Training implemented pursuant to this Paragraph may be conducted in person or provided through electronic media.

(i)      Builder shall provide employee storm water training to all Builder employees who, in the field at a Site, primarily and directly supervise (or who primarily and directly assist in the supervision of) construction activity at a Site and who are not covered by subparagraph 19(a)(ii). Builder employees must complete the employee storm water training no later than sixty (60) days after the Date of Entry, or no later than thirty (30) days after beginning work at a Site, whichever is later. The employee storm water training syllabus is attached at Appendix H. The employee storm

30

water training program may be the same as the Storm Water Compliance Representative training program.

(ii)     Builder shall provide Storm Water Compliance Representative training to all Storm Water Compliance Representatives and any Designee of such representative, who is a Builder employee, pursuant to the syllabus attached as Appendix H.  To be certified as Storm Water Trained under this subparagraph, all Storm Water Compliance Representatives and Designees, who are Builder employees, must complete the Storm Water Compliance Representative training and pass, by a minimum score of 75 percent, a written test, which is equivalent to the test attached as Appendix H. All Storm Water Compliance Representatives and Designees, who are Builder employees, shall be certified as Storm Water Trained no later than sixty (60) days after the Date of Entry, or prior to being a designated Storm Water Compliance Representative at a Site, whichever is later.  The certification shall be valid for up to fifteen (15) months.

(iii)     Builder shall provide annual refresher training for Storm Water Compliance Representatives and Builder employee Designees who were previously certified under subparagraph 19(a)(ii).  Each such person shall complete the annual refresher training, pursuant to the syllabus attached as Appendix H and pass a written test which is equivalent to the test attached as Appendix H.  The renewal certification shall be valid for up to fifteen (15) months.  Storm Water Compliance Representatives and Builder employee Designees shall maintain a current certification in order to continue performing their duties under this Decree.

(iv)     Builder shall maintain records of each Storm Water

31

Compliance Representative's and Designee's certification. Builder shall provide such records to the Federal Plaintiff within thirty (30) days of its receipt of Federal Plaintiff's written request, or within a longer period of time agreed to by the Builder and Federal Plaintiff in light of the size of the request.

b.    Every instructor for Builder's Storm Water Training Program shall be either: (i) a Storm Water Consultant or (ii) a Storm Water Trained Builder employee.

c.    The National Storm Water Compliance Representative shall annually evaluate Builder's Storm Water Training Program and determine whether any changes are necessary. A written evaluation of the Storm Water Training Program and a description of any significant proposed changes for EPA's approval shall be included in the first National Compliance Summary Report which covers a full six-month or twelve-month period, and every National Compliance Summary Report thereafter.

20.    Storm Water Orientation Program.

a.    Within sixty (60) days after the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each Listed Contractor or Storm Water Consultant: (i) a written overview of the Builder's storm water program; (ii) information explaining how to contact a Site Storm Water Representative as required by Paragraph 21(c)(iv); and (iii) a description of the potential consequences for failure to comply with Storm Water Requirements.

b.    Not later than seven (7) days after the Site Pre-Construction Inspection and Review Report is signed, Builder shall provide to all Listed Contractors and Storm Water Consultants for that Site the following information: Builder's

32

compliance expectations; how to obtain additional storm water compliance information; and the potential consequences of non-compliance. This information may be provided by posting it in the same location as the information required by Paragraph 9(g) or it may be provided by alternative means of delivery.

21.    Contractor and Storm Water Consultant Compliance.

a.    After the Date of Entry, written requests for bids from Listed Contractors and Storm Water Consultants for work at a Site shall notify the bidding Listed Contractors and Storm Water Consultants that any successful bidder must comply with the Applicable Permit.

b.    Within sixty (60) days of the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each Listed Contractor or Storm Water Consultant, the applicable "Trade Sheets" or "Dos & Don'ts List" included in Appendix J .

c.    Any master contracts entered into or modified by the Builder after the Date of Entry with Listed Contractors and Storm Water Consultants shall:  (i) require compliance with the Applicable Permit and with any instructions by Builder's Storm Water Compliance Representatives regarding compliance with Storm Water Requirements;  (ii) require all Listed Contractors to circulate the "Trade Sheets" or "Dos and Don'ts List" to their employees and sub-contractors who will be working at a Site; (iii) require designation of a Contractor Representative or Storm Water Consultant Representative, respectively, with the authority to oversee, instruct, and direct their respective employees and subcontractors at a Site regarding compliance with Storm

33

Water Requirements; (iv) require the Contractor Representative or Storm Water Consultant Representative to contact the Builder's Site Storm Water Compliance Representative to obtain any additional storm water compliance information, if needed; (v) where the information required by Paragraph 20(a) or 21(b) is provided through an internet site, identify the internet site and require the Listed Contractor Representative or Storm Water Consultant Representative to review the posted information; and (vi) describe the consequences for failure to comply with the Applicable Permit.

22.    Corporate Acquisition.  In the event that Builder acquires the business or all or substantially all of the assets of another company by purchase or merger after the Date of Entry, Paragraphs 8-21 of the Consent Decree shall apply to all of the acquired Projects and Sites owned or operated by the acquired company, or by its subsidiaries. Builder's obligation to comply with Paragraphs 8-21 of this Consent Decree shall begin 180 days from the date of closing the transaction, or after a longer period of time if agreed to in writing by the Builder and Federal Plaintiff in light of the size of the acquisition.  If a Site already has an existing SWP, then Builder does not need to comply with Paragraph 12 (Storm Water Plans and Records) or respond to question 10 on Appendix C (Pre-Construction Inspection and Review Form) at such Site.  If Construction Activity has commenced at a Site of the acquired company, then Builder need not comply with the requirements of Paragraph 13 (Pre-Construction Inspection and Review) at that Site.  Nothing in this Paragraph shall affect Builder's obligation to comply with Applicable Permits at the newly acquired Sites.

23.    Submission of Records.

34

a.     Within thirty (30) days of its receipt of a written request for a Record or Applicable Permit by EPA Region 3 or EPA Headquarters, or by the Virginia Department of Conservation and Recreation, the Maryland Department of the Environment, the West Virginia Department of Environmental Protection, and the District of Columbia Department of the Environment, and their authorized representatives acting on their behalf, or within a longer period of time agreed to in writing by the Builder and Federal Plaintiff and/or State in light of the size of the request, Builder shall provide a copy to Federal Plaintiff as set forth in Section XIII (Notice to Parties) and to the requestor at the address set forth in the request. This Paragraph does not apply to requests for Records concerning a specific Site made during or following a Government inspection of the Site.

b.     The submittal to EPA of the documents required under Paragraph 10 (Notice to EPA of List of Projects and Sites), Paragraph 18 (National Compliance Summary Report), and in response to a request made pursuant to Paragraph 23(a) shall be accompanied by a certification that meets the requirements of 40 C.F.R. § 122.22.

c.     In submitting information to EPA, Builder may assert that the information submitted is protected as "Confidential Business Information" using the procedures specified in Paragraph 51.

## V. CIVIL PENALTY

24.     Within thirty (30) days after (i) the Date of Entry, Builder shall pay the sum of $ 1,000,000 as a civil penalty. Failure to pay the civil penalty shall subject Builder to interest accruing from the first day after the 30-day period has run until the

date payment is made, at the rate specified in 28 U.S.C. § 1961.   Failure to pay the civil penalty after the 30-day period has run shall subject Builder to the stipulated penalty set forth in Paragraph 30.1.

25.    Builder shall pay $864,000 of the civil penalty by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Builder following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Pennsylvania.   At the time of payment, Builder shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *U. S. v. Hovnanian Enterprises, Inc.*, and shall reference the civil action number and DOJ case number (90-5-1-1-08709), to the United States in accordance with Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and to:

> U.S. Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Office
> PO Box 979077
> St. Louis, MO 63197-9000.
>
> And to:
>
> Regional Docket Clerk
> U.S. Environmental Protection Agency Region 3 (3RC00)
> 1650 Arch Street
> Philadelphia, PA 19103-2029

26.    Builder shall pay the civil penalty due to each State Plaintiff in the manner described below.   Each payment shall be accompanied by a transmittal letter, which shall

state that the payment is for the civil penalty owed pursuant to the Consent Decree in

United States et al. v. Hovnanian Enterprises, Inc., and shall reference the civil action

number and DOJ case number 90-5-1-1-08059. Builder shall send a copy of the check,

money order or cashier's check and transmittal letter to EPA in accordance with Section

XIII (Notices).

a.      Payment of $1,000 due the District of Columbia shall be made by check

payable to the D.C. Treasurer and mailed to the following:

District Department of the Environment,
1200 I Street, NE
6th Floor
Washington, DC, 20002
Attention: Dr. Hamid Karimi, Deputy Director

b.      Payment of $ 67,000 due to the State of Maryland shall be made by check

made out to the Maryland Clean Water Fund and mailed to:

Maryland Department of the Environment
P.O. Box 2057
Baltimore, MD 21203-2057

c.      Payment of $59,500 due the Commonwealth of Virginia shall be made by

check, money order, or cashier's check made out to the Treasurer of Virginia including a

notation "For Virginia Stormwater Management Fund/Hovnanian Consent Decree," and

mailed to

Department of Conservation and Recreation
Division of Finance
Accounts Payable
203 Governor Street, Suite 302
Richmond, VA 23219

d.      Payment of $8,500 due the State of West Virginia shall be made by

certified or cashier's check to the West Virginia Department of Environmental

Protection's Water Quality Management Fund.  Payment shall be mailed to the following

address:

Michael Zeto, Chief Inspector
Environmental Enforcement
West Virginia Department of Environmental Protection
601 57th Street SE
Charleston, WV 25304

27.    Builder shall not deduct the civil penalty paid under this Section in

calculating its federal income tax.

## VI.  REPORTING REQUIREMENTS

28.    The reporting requirements of this Consent Decree do not relieve Builder

of any reporting obligations required by the Clean Water Act or implementing

regulations, or by any other federal, state, or local law, regulation, permit, or other

requirement.

## VII.  STIPULATED PENALTIES

29.    Stipulated Penalty Amounts for Reported Violations.  Builder shall submit

National Compliance Summary Reports as required by Paragraph 18  (National

Compliance Summary Report) to the Federal Plaintiff identifying violations listed in this

Paragraph.  State Plaintiff(s) or Federal Plaintiff may also use other information obtained

by State or Federal Plaintiff(s) to identify violations for which stipulated penalties may be

assessed by the Federal Plaintiff under this Paragraph.  Except for Paragraph 30.l,

stipulated penalties under this Paragraph will not begin to accrue until after the end of the

second Quarterly Reporting Period.  Federal Plaintiff may demand stipulated penalties

pursuant to this Paragraph within one (1) year after the violation is reported to the Federal

Plaintiff, or within six (6) months after termination of this Consent Decree pursuant to

Section XVII (Termination), whichever is earlier. For each of the instances listed below, upon written demand of the Federal Plaintiff, as identified in Paragraph 62 below, Builder shall pay stipulated penalties in the following amounts

      a.    Discharge(s) of pollutants from a Site to a water of the United States prior to obtaining coverage as required under an Applicable Permit: $2,500 per day of such discharge(s).

      b.    Failure to perform (including completion of all Responsive Actions), or, if performed, a material failure to document, a Pre-Construction Inspection and Review as required by Paragraph 13 (Pre-Construction Inspection and Review): $2,500 per Site.

      c.    Failure to perform, or, if performed, a material failure to document, a Site Inspection as required by Paragraph 14 (Inspections):

| Percentage of Inspections Missed/Undocumented Per National Reporting Period | 3 & 4 QRP | 5th - 8th QRP | 9th – 12th QRP |
|---|---|---|---|
| 0.01 to 5% | 0 | 0 | 0 |
| 5.01 to 8% | $2,500 | $10,000 | $15,000 |
| 8.01 to 12% | $6,750 | $25,000 | $30,000 |
| 12.01 to 20% | $12,500 | $50,000 | $100,000 |
| 20.01 to 25% | $25,000 | $100,000 | $200,000 |
| >25% | $62,500 | $250,000 | $500,000 |

        d.      Failure to perform or, if performed, a material failure to document a Quarterly Compliance Inspection or Review as required by Paragraph 16(Site Storm Water Compliance Review and Oversight):

| Percentage of Quarterly Inspections or Reviews Undocumented Per National Reporting Period | Stipulated Penalty |
| --- | --- |
| For each undocumented Inspection or review from 0.01 to 5% of required inspections or reviews: | $100 |
| For each additional undocumented Inspection or review from 5.01 to 10% of required inspections or reviews: | $200 |
| For each additional undocumented Inspection or review > 10% of required inspections or reviews: | $300 |

If a Quarterly Compliance Inspection and Review is missed, then the next Quarterly Compliance Review must also include the information required by the Review for the missed quarter.

        e.      Failure to prepare a Division-Wide Compliance Summary Report as required by Paragraph 17 (Division-Wide Compliance Summary Report):

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 7th day | $250 per Report |
| 8th through 30th day | $500 per Report |
| 31st through 90th day | $5,000 per Report |

If a Division-Wide Compliance Summary Report is missed, then the next Division-Wide Compliance Summary Report must also include the information for the missed report.

f.  Failure to have trained and certified Site Storm Water Compliance Representatives as required by Paragraph 9.a at the time of an inspection required by Paragraph 16 (Site Stormwater Review and Oversight):  $ 100 per person.

30.     Stipulated Penalty Amounts for Non-Self-Reported Violations.  Builder shall not be obligated to report the following violations to Federal Plaintiff.  Except for subparagraph 30.l, stipulated penalties under this Paragraph will not begin to accrue until six (6) months after the Date of Entry.  Federal Plaintiff may demand stipulated penalties pursuant to this Paragraph within one (1) year after the date the violation is discovered by Federal Plaintiff, or within six (6) months after the termination of this Consent Decree pursuant to Section XVII (Termination), whichever is earlier.  For each of the instances listed below, upon written demand of Federal Plaintiff, Builder shall pay stipulated penalties in the following amounts:

a.      Material failure to submit the initial List of Projects and Sites or an updated List of Projects and Sites as required by Paragraph 10 (Notice to EPA of List of Projects and Sites): $500 per day.

b.      Failure to designate Storm Water Compliance Representatives:

(i) Failure to designate Site Storm Water Compliance Representatives as required by Paragraph 9.a. (Designation of Storm Water Compliance Representatives): $500 per Site.

(ii) Failure to designate  Division Storm Water Compliance Representative(s) as required by Paragraph 9.b. (Designation of Storm Water Compliance Representatives): $250 per Site.

41

(iii) Failure to designate National Storm Water Compliance Representative(s) as required by Paragraph 9.c (Designation of Storm Water Compliance Representatives): $1,000 per person.

c.        Failure to train employees as required by Paragraph 19(a)(i) or failure to train and certify Designees as required by Paragraph 19(a)(ii) – (iii)(Storm Water Training Program): $250 per person.

d.        Failure to provide Storm Water Orientation as required by Paragraph 20 (Storm Water Orientation Program) shall be subject to the following stipulated penalties:

(i) If Builder chooses to satisfy the requirements of Paragraph 20 by posting such information on an Internet site, and fails to timely post such information:

| Days | Stipulated Penalty |
|---|---|
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

(ii) If Builder chooses to satisfy the requirements of Paragraph 20 by delivering such information in a manner other than through posting it on the Internet, and fails to timely provide such information: $50 per each affected Listed Contractor or Storm Water Consultant.

e.        Failure to comply with the bid requirements of Paragraph 21(a): $50 per each affected Listed Contractor or Storm Water Consultant.

   f.  Failure to provide the information required by Paragraph 21(b)

shall be subject to the following stipulated penalties:

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

If Builder chooses to satisfy the requirements of Paragraph 20.b. by

delivering such information in a manner other than through posting it on the Internet, and

fails to timely provide such information: $50 per each affected Listed Contractor or

Storm Water Consultant.

   g.  Failure to include the provisions required by Paragraph 21(c) in

Builder's master contracts entered into or modified after the Date of Entry with Listed

Contractors or Storm Water Consultants:   $50 per each affected Listed Contractor or

Storm Water Consultant.

   h.  Failure to certify any submittal as required by Paragraph 23(b):

$1,000 per violation.

   i.  Failure to prepare an initial SWP, or, if prepared, a material failure

of the initial SWP to comply with the Applicable Permit or this Decree:  $2,500 per SWP.

   j.  At the time of a Government Inspection, failure to be in

compliance with Paragraph(s) 9(g) and 12(h): $500 per Government Inspection.

   k.  Failure to submit a National Compliance Summary Report as

required by Paragraph 18 (National Compliance Summary Report):

| Days | Stipulated Penalty |
|---|---|
| 1st through 14th days | $250 per day |
| 15th through 30th days | $500 per day |
| 31st day and beyond | $1,000 per day |

l.      Failure to pay the civil penalty and any accrued interest required to be paid under Section V, Paragraph 24 (Civil Penalty) when due:    $1,000 per day commencing fifteen (15) days after the due date.

31.    Payment of Stipulated Penalties.

a.      Builder shall provide information regarding violations under Paragraph 29 (Stipulated Penalty Amounts for Reported Violations) to the Federal Plaintiff in the National Compliance Summary Report in the form attached as Appendix G.

b.      All penalties owed to the Plaintiffs under Paragraphs 29 and 30 above shall be due and payable within thirty (30) days of Builder's receipt from EPA of a demand for payment of the penalties (on behalf of the Federal and State Plaintiffs), unless Builder invokes the procedures under Section IX (Dispute Resolution).

(i).    All payments of stipulated penalties due to the United States shall be made by Electronic Funds Transfer ("EFT") to the United States Department of Justice lockbox bank referencing DOJ case number 90-5-1-1-08709 and the civil action number.  Payment shall be made in accordance with the instructions provided by the United States upon entry of the Decree.  Any EFTs received at the United States Department of Justice lockbox bank after 11:00 a.m. (Eastern Time) will be

credited on the next Business Day.  After payment, Builder shall mail a cover letter specifying the amount and date of payment, civil action number, DJ case #90-5-1-1-08709 and a reference to the demand letter, to the United States in accordance with Section XIII (Notices) and to the Regional Docket Clerk, US Environmental Protection Agency Region 3 (3RC00), 1650 Arch Street, Philadelphia, PA 19103-2029.

(ii).    All payments of stipulated penalties owed to a State Plaintiff shall be made in the manner described below.  Each payment shall be accompanied by a transmittal letter specifying the amount and date of payment, the civil action number, DOJ case number 90-5-1-1-08709 and a reference to the demand letter. Builder shall send a copy of the check and transmittal letter to EPA and to the affected State Plaintiff.

(A)  Payment of stipulated penalties due to the District of Columbia shall be made by check payable to the D.C. Treasurer and mailed to:

District Department of the Environment
1200 I Street, NE
6th Floor
Washington, DC 20002
Attention:  Dr. Hamid Karimi, Deputy Director

(B)    Payment of stipulated penalties due to the State of Maryland shall be made by check made out to the Maryland Clean Water Fund and mailed to:

Maryland Department of the Environment
P.O. Box 2057
Baltimore, MD 21203-2057

(C)    Payment of stipulated penalties due the Commonwealth of Virginia shall be made by check, money order, or cashier's check

45

made out to the Treasurer of Virginia including a notation "For Virginia Stormwater

Management Fund/Hovnanian Consent Decree," and mailed to

Department of Conservation and Recreation
Division of Finance
Accounts Payable
203 Governor Street, Suite 302
Richmond, VA 23219

           (D)    Payment of stipulated penalties due the State of

West Virginia shall be made by certified or cashier's check payable to Michael Zeto,

Chief Inspector, for deposit into the West Virginia Department of Environmental

Protection's Water Quality Management Fund.  Payment shall be mailed to the following

address:

Michael Zeto, Chief Inspector
Environmental Enforcement
West Virginia Department of Environmental Protection
601 57th Street SE
Charleston, WV 25304

        c.    State Plaintiffs shall receive 50% of the stipulated penalties collected for

violations of subparagraphs 30.b.(i), 30.b.(ii), 30.c., 30.i., and 30.j. that are attributable to

violations occurring in their state and are discovered by Plaintiffs.  State Plaintiffs shall

receive 50% of the stipulated penalties collected for violations of subparagraph 29.a that

are attributable to violations occurring in their state.  Stipulated penalties reported by

Builder pursuant to Paragraph 29 (with the exception of subparagraph 29.a) shall be paid

in full to the Federal Plaintiff.

        32.    Stipulated penalties shall accrue as provided in Paragraph 29 and 30

above.  For stipulated penalties that are assessed "per day," penalties shall begin to accrue

on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of the Consent Decree. Penalties shall accrue regardless of whether Federal Plaintiff has notified Builder of a violation, but need not be paid until a written demand is received. However, if a penalty would otherwise accrue because the List of Projects and Sites (Paragraph 10) or the Quarterly Compliance Inspection and Review (Paragraph 16) is deemed by the Federal Plaintiff to contain a material deficiency, stipulated penalties shall not begin to accrue until the Federal Plaintiff has notified Builder in writing of any such deficiency.

33.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

34.     Stipulated penalties shall continue to accrue as provided in Paragraph 32, above, during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of the Federal Plaintiff that is not appealed to the Court, Builder shall pay penalties agreed upon or accepted to the Federal Plaintiff within thirty (30) days of the effective date of the agreement or the receipt of Federal Plaintiff's decision or order.

b.     If the dispute is appealed to the Court, and the Federal Plaintiff prevails in whole or in part, Builder shall pay all penalties awarded by the Court within sixty (60) days of receiving the Court's decision or order, except as provided in subparagraph c, below.

47

c.      If any Party appeals the District Court's decision, Builder shall pay all penalties awarded by the Court, and affirmed by the appellate court, together with interest running from the 61st day after the District Court's decision within fifteen (15) days of receiving the final appellate court decision.

d.      Notwithstanding Paragraph 34, during judicial review by this Court under Section IX (Dispute Resolution) of this Decree, stipulated penalties shall not accrue during the period, if any, beginning on the 31st day after the Court's receipt of the motion provided for by Paragraph 45.c until the date that the Court issues a final decision regarding such dispute.

35.     Builder shall not deduct stipulated penalties paid under this Section in calculating its federal income tax.

36.     If Builder fails to pay stipulated penalties according to the terms of this Decree, Builder shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due pursuant to Paragraph 31(b) or Paragraph 34.

37.     Except as provided in this Paragraph, the Federal and State Plaintiffs reserve the right to pursue any other remedies, including injunctive relief for violations of this Consent Decree or the Clean Water Act or an equivalent state law to which they are entitled.  The Federal and State Plaintiffs will not seek stipulated penalties and civil or administrative penalties for the same violation; provided, however, the Federal and State Plaintiffs expressly reserve the right to seek injunctive relief against Builder for violations of this Decree, the Clean Water Act, or an equivalent state law, even if a stipulated penalty has been collected pursuant to this Decree.

48

## VIII.  FORCE MAJEURE

38.      A "force majeure event," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Builder, its contractors, or any entity controlled by Builder that prevents or delays the performance of any obligation of this Consent Decree despite all reasonable efforts by Builder to fulfill the obligation.  The requirement that Builder exercise "all reasonable efforts to fulfill the obligation" includes using reasonable efforts to anticipate any potential force majeure event (where such event can be anticipated) and using all reasonable efforts to address the effects of any such event: (i) as it is occurring; and (ii) after it has occurred, to prevent or minimize any resulting failure to perform or delay in performing any obligation of this Consent Decree. "Force Majeure event" does not include Builder's financial inability to perform any obligation under this Consent Decree.

39.      Builder shall retain all rights granted under the Applicable Permit concerning a force majeure event.

40.      Builder shall provide notice to the EPA representatives listed in Section XIII (Notices) orally or by electronic or facsimile transmission ("initial notice") as soon as practicable, but not later than ten (10) days after the time Builder first knew of, or by the exercise of due diligence, should have known of, a claimed force majeure event. Builder shall also provide written notice ("subsequent written notice"), as provided in Section XIII of this Consent Decree (Notices), within thirty (30) days of the time Builder first knew of, or by the exercise of due diligence, should have known of, the event.  The Federal Plaintiff may, in its unreviewable discretion, extend the time within which initial notice or subsequent written notice must be given.  No such extension shall be effective

unless in writing. The subsequent written notice shall state the anticipated duration of any failure to comply or delay in compliance with any obligation of this Consent Decree; the cause(s) of such failure or delay; Builder's past and proposed actions to prevent or minimize such failure or delay; a schedule for carrying out those actions; and Builder's rationale for attributing any failure to comply or delay in compliance to a force majeure event. Failure to provide initial notice and subsequent written notice as required by this Paragraph or the Applicable Permit shall preclude Builder from asserting any claim of force majeure.

41.    If the Federal Plaintiff agrees that a force majeure event, as defined by this Section, has occurred, the Federal Plaintiff shall agree to extend the time for Builder to perform the affected requirements for the time necessary to complete those obligations. An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any unaffected obligation. Failures resulting from a force majeure event shall not be considered a breach of this Consent Decree, and Builder shall not be liable for any stipulated penalties occurring as a direct result of the event, provided Builder complies with the terms of this Section.

42.    If the Federal Plaintiff does not agree that a force majeure event, as defined by this Section, has occurred, or does not agree to the length of the extension of time sought by Builder, the Federal Plaintiff's position shall be binding, unless Builder invokes Dispute Resolution under Section IX of this Consent Decree. In any such dispute, Builder bears the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a force majeure event, that Builder gave the notice required by Paragraph 40, that the force majeure event caused any failure to comply or

50

delay in compliance with an obligation of this Consent Decree that Builder claims was attributable to that event, and that Builder exercised all reasonable efforts to prevent or minimize any failure or delay in compliance caused by the event.

## IX.  DISPUTE RESOLUTION

43.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve a dispute arising under or with respect to this Consent Decree.

44.     <u>Dispute Resolution</u>.

a.       Any dispute subject to Dispute Resolution shall first be the subject of informal negotiations.  The period of informal negotiations shall not exceed sixty (60) days from the date that the Builder serves a written notice of a dispute on Federal Plaintiff, and other affected Parties, unless that period is modified by written agreement.

b.       A dispute subject to dispute resolution procedures arises when Builder serves on the Federal Plaintiff a written notice regarding the dispute, in accordance with Section XIII of this Consent Decree (Notices).  The notice shall include, but need not be limited to, a concise statement of the dispute, the Builder's position, and an explanation of that position.

c.       If the Parties cannot resolve the dispute by informal negotiations, then the written position advanced by the Federal Plaintiff shall be binding on Builder, unless, within 30 days after the conclusion of informal negotiations or Builder's receipt of the written position advanced by the Federal Plaintiff, whichever is later, Builder invokes formal dispute resolution procedures in accordance with the following Paragraph.

45.   Formal Dispute Resolution.

a.   Builder shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the Federal Plaintiff and other affected Parties a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Builder's position and any supporting documentation relied upon by Builder.

b.   The Federal Plaintiff shall serve its Statement of Position within 60 days of receipt of Builder's Statement of Position, unless otherwise extended by mutual agreement of the Federal Plaintiffs and Builder or by order of the Court. The Federal Plaintiff's Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position, the written position sent to Builder as described in the preceding Paragraph, and any supporting documentation relied upon by the United States. Other affected Parties also may file a Statement of Position within this time period if they so desire. The Federal Plaintiff's Statement of Position shall be binding on Builder, unless Builder files a motion for judicial review of the dispute in accordance with Paragraph 45 (c).

c.   Builder may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within 30 days of Builder's receipt of the Federal Plaintiff's Statement of Position pursuant to Paragraph 45(b). The motion shall contain, but need not be limited to, a written statement of Builder's position on the matter in dispute, including any

52

supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

        d.     The Federal Plaintiff shall respond to Builder's motion within the time period allowed by the Local Rules of this Court.  Builder may file a reply memorandum, to the extent permitted by the Local Rules.

46.     Builder shall bear the burden of demonstrating that its position complies with this Consent Decree by a preponderance of the evidence.

47.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Builder under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as set forth in Paragraph 34.  If Builder does not prevail on the disputed issue, stipulated penalties awarded by the Court shall be paid as provided in Section VII (Stipulated Penalties).

## X. INFORMATION COLLECTION AND RETENTION

48.     The Federal Plaintiff, State Plaintiffs and their authorized representatives acting on their behalf, upon presentation of credentials and at all reasonable times, shall have the right of entry onto all Sites and Projects and shall have the right to access documents and records located at Sites or at any offsite location where documents and records pertaining to a Site or Project are located, for the purpose of assessing Builder's compliance with this Consent Decree and verifying any information submitted pursuant to this Decree.

49.     Until one (1) year after the termination of this Consent Decree, Builder shall retain, and shall instruct that its Storm Water Consultants retain, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its Storm Water Consultants possession, and that relate in a material manner to Builder's performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.

50.     At any time during the retention period specified in the preceding Paragraph and upon request by the Federal Plaintiff identified in Paragraph 62, Builder shall provide to Federal Plaintiff a copy of any documents, records, or other information required to be maintained under this Section. Builder shall provide documents, records or other information requested by Federal Plaintiff pursuant to this Paragraph consistent with the procedures set forth in Paragraph 23.

51.     Builder may assert that certain documents, records or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Builder asserts a privilege, it shall provide a privilege log containing the following information:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Builder. However, no documents, records or other information required to be created or maintained by this Consent Decree shall be withheld on grounds of privilege.

52.     With respect to any documents, record or other information provided to Federal Plaintiff, Builder may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Builder seeks to protect as CBI, Builder shall follow the procedures set forth in 40 C.F.R. Part 2.

53.     Nothing in this Consent Decree shall be construed to limit any right of entry or access or other information gathering authority held by Federal or State Plaintiffs pursuant to any federal, state or local law, permit, or regulation, nor shall it be construed to limit any duty or obligation of Builder to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

## XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

54.     Federal Plaintiff.  In consideration of the payment of the penalty required by Paragraph 24, Federal Plaintiff hereby releases its claims and covenants not to sue or take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix K, through the date of lodging of this Decree, of (1) Section 308 of the Clean Water Act ("Act"), 33 U.S.C. § 1318 as it relates to Storm Water Requirements; (2) the prohibition of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), against discharging pollutants without an Applicable Permit; (3) the requirement to timely apply for a stormwater permit; and (4) the conditions, limitations and requirements of an Applicable Permit.  The provisions of this Paragraph shall survive the termination of the Decree.

55.     State Plaintiffs.  In consideration of the payment of the penalty required by Paragraph 26, State Plaintiffs hereby release their claims and covenant not to sue or

take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix K through the date of lodging, of: (i) state law equivalent to Section 308 of the Clean Water Act as it relates to Storm Water Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit and any state law equivalent to this prohibition; (iii) the requirement to timely apply for a stormwater permit; and (iv) the conditions, limitations and requirements of an Applicable Permit; or (v) any state law, regulation or permit regulating discharges of storm water. The provisions of this Paragraph shall survive the termination of this Decree.

56.    Plaintiffs' Reservation of Rights.

a.    Each Plaintiff reserves all rights not expressly waived in this Decree.

b.    Each Plaintiff reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Decree.

c.    Each Plaintiff reserves the right to seek and obtain criminal sanctions against any person, including Builder.

d.    Each Plaintiff reserves the right to undertake any action against any person, including Builder, in response to conditions which may present an imminent and substantial endangerment to the public health or welfare or the environment.

57.    Builder's Reservation of Rights: Except as expressly stated herein, Builder reserves all defenses and all rights and remedies, legal and equitable, available to it in any action brought by any Plaintiff under this Decree, an Applicable Permit, the Clean Water Act or any other federal, state or local statute, regulation or rule. This

56

Decree shall not be construed as a waiver of any defenses or remedies that Builder may have to any future actions regarding alleged violations of an Applicable Permit, or of the federal and state laws and regulations governing an Applicable Permit.

58. <u>Not a Permit Modification</u>. This Consent Decree is neither a permit, nor a modification of any permit, under any federal, state, or local laws or regulations, and this Decree does not relieve Builder of its responsibilities to comply with all applicable federal, state, and local laws, regulations, and permits. The Federal and State Plaintiffs do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Builder's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Water Act, 33 U.S.C. § 1251 et seq., or with any other provisions of federal, state, or local laws, regulations, or permits.

59. <u>Third Parties</u>. This Consent Decree does not limit or affect the rights of Builder or of the Federal and State Plaintiffs against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Builder, except as otherwise provided by law. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

60. <u>No Admission</u>. Builder does not admit any liability to the United States or any State Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

XII. <u>COSTS</u>

61. The Parties shall bear their own costs of this action, including attorneys' fees.

## XIII. NOTICES

62.    Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

To the United States/Federal Plaintiff:

US Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D Street NW
Room 2121
Washington, DC 20004
Re: DOJ No. 90-5-1-1-08709

(note: DOJ address is for overnight mail only)

US EPA:

Lori Kier, Esq.
Senior Assistant Regional Counsel
Mail Code 3RC20
EPA Region III
1650 Arch Street
Philadelphia, PA 19103

Chuck Schadel
NPDES Enforcement Branch
Mail Code 3WP42
U.S. Environmental Protection Agency Region III1650 Arch St.
Philadelphia, PA  19103

 Director, Water Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. EPA
Mail Code 2243A
Room 3102
1200 Pennsylvania Ave., NW

59

Washington, DC 20460-0001

To the District of Columbia:

 Caroline Burnett
Office of the General Counsel
District Department of the Environment
1200 First Street, NE, 7th Floor
Washington, D.C. 20002

To the State of Maryland:

Principal Counsel
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, MD 21230

Chief
Enforcement Division, Compliance Program
Water Management Administration
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, MD 21230

To the Commonwealth of Virginia:

Director
Department of Conservation and Recreation
Commonwealth of Virginia
203 Governor Street
Suite 302
Richmond, VA  23219

Elizabeth Andrews
Assistant Attorney General
Commonwealth of Virginia
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

To the State of West Virginia:
Michael Zeto
Chief Inspector

60

Environmental Enforcement
West Virginia Department of Environmental Protection
601 57th Street SE
Charleston, WV 25304

Jennifer Hughes, Esq.
Associate Counsel
Office of Legal Services
West Virginia Department of Environmental Protection
601 57th Street SE
Charleston, WV 25304

To Builder:

Mr. Dean Potter
Vice President of Home Production and Quality Processes
K. Hovnanian
110 West Front Street
Red Bank, NJ 07701

and

Peter Reinhart, Esquire
Senior Vice President & General Counsel
K. Hovnanian
110 West Front Street
Red Bank, NJ 07701

and

Jonathan E. Rinde, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 500
Bala Cynwyd, PA 19004

63.    Any Party may, by written notice to the other Parties, change its

designated notice recipient or notice address provided above.

64.    Notices provided pursuant to this Section shall be sent in hard-copy via an

overnight delivery method that allows for tracking of the delivery.  Notices provided

pursuant to this Section will be deemed to have been submitted on the business day sent.

61

The Parties may, by written mutual agreement, provide for an alternative method of delivery of notice.

## XIV. EFFECTIVE DATE

65.    The Effective Date of this Consent Decree shall be the Date of Entry.

## XV. RETENTION OF JURISDICTION

66.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing compliance with the terms of this Decree.  The Court shall retain jurisdiction after termination for the purposes set forth in Paragraph 75 below.

## XVI. MODIFICATION

67.    Minor modifications, as set forth in Paragraph 69 below, may be made by a written agreement signed by Builder and Federal Plaintiff (after consultation with State Plaintiff(s)), without approval of the Court.

68.    Any modification which constitutes a material change to the terms of the Consent Decree, including any material change to an Appendix, shall be effective only upon approval by the Court.

69.    Minor scheduling changes agreed to by the Parties shall not be deemed material.  Builder also may propose minor modifications to the Appendices to this Consent Decree for the purposes of adding information or changing formatting as necessary to align the Appendices with an Applicable Permit or Builder's management needs ("Minor Appendix Modification").  If Federal Plaintiff determines that a Minor Appendix Modification does not comply with the terms of this Consent Decree, it shall

62

notify Builder in writing of the list of changes required to bring the submitted Appendix into compliance with this Decree. Builder has thirty (30) days after receipt of the list to decide whether to retain the existing Appendix or to incorporate Federal Plaintiff's list of changes into a new modified Appendix. If Builder incorporates the list of changes into a new modified Appendix, this new modified Appendix shall supersede the original form or report and be considered a minor modification.

70.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX of this Consent Decree, (Dispute Resolution), provided, however, that instead of the burden of proof provided in Paragraph 46, the Party seeking modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII. TERMINATION

71.     The Builder may request termination of this Decree and all of Builder's obligations hereunder when all of these Conditions of Termination have been met:

a.     the passing of three years since the Date of Entry;

b.     Builder has paid all civil penalties and related interest, if any, due under this Decree;

c.     Builder has paid all stipulated penalties and related interest, if any, demanded by Federal Plaintiff under Paragraph 30, unless that demand was rejected, in whole or in part, by the Court in dispute resolution and the Builder has paid all amounts in the demand ordered, or not rejected, by the Court, excluding any stipulated penalties or interest that are subject to Dispute Resolution, as to which this Court shall retain jurisdiction under Paragraph 75 below;

d.      Builder has established and implemented a management system designed to fulfill its obligations under Paragraphs 9, 12, 13, 14, 15, 16 and 17;

e.      Builder has established and implemented Training and Orientation Programs designed to fulfill its obligations under Paragraphs 19, 20 and 21;

f.      Builder has submitted all Lists of Sites required by Paragraph 10 as of the date of the request;

g.      Builder has acquired or applied for coverage under an Applicable Permit for all Sites existing as of the date of the request; and

h.      Builder has submitted all National Reports required by Paragraph 18, including the final National Compliance Summary Report, due 30 days after the third anniversary of the Date of Entry.

72.     The following procedures for terminating this Decree shall govern:

a.      No sooner than forty five (45) days prior to three years from the Date of Entry, Builder may submit to Federal and State Plaintiffs a proposed motion to terminate the Decree ("Proposed Motion"). The Proposed Motion shall include a draft certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the Conditions of Termination. Following receipt by Federal Plaintiff of the Builder's Proposed Motion, the Parties shall confer informally concerning the proposal and any disagreement that these Parties may have as to whether Builder has met the Conditions of Termination.

b.      State Plaintiffs shall notify Federal Plaintiff and Builder as

64

expeditiously as possible, but no more than 30 days from receipt of Builder's Proposed Motion, as to whether or not they concur in Builder's motion with respect to Sites in their state;

      c.    No sooner than 45 days after delivery of the Proposed Motion to Federal and State Plaintiffs, Builder may file a motion to terminate this Decree with the Court and serve a copy to each of the Plaintiffs. This motion shall contain a final certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the Conditions of Termination as of the date of the filing of the motion. If the Federal Plaintiff, after consultation with the State Plaintiffs, agrees that the Conditions of Termination have been met, it shall join in the motion to terminate. In that event, the Court shall enter an order terminating this Decree effective as of the filing of said motion.

      d.    If the Federal Plaintiff, after consultation with the State Plaintiffs, does not agree that the Conditions of Termination have been met, it shall serve its opposition to the motion no later than 120 days after the motion was served. Builder may reply within 15 days of service of the Federal Plaintiff's opposition. If the Court finds based upon the preponderance of the evidence that Builder has met the Conditions of Termination, it shall order this Decree terminated effective as of the date of filing the motion to terminate.

73. If the initial motion to terminate is denied by the Court, Builder may file one or more renewed motion(s) to terminate in accordance with Paragraph 71 once it believes it has addressed the basis for the denial.

74.    The Federal Plaintiff may move to terminate the Consent Decree anytime after six years following the Date of Entry of the Decree.

75. After the Consent Decree has been terminated in accordance with the foregoing paragraphs, this Court shall retain jurisdiction over this Decree for the following purposes:

a. To resolve any dispute concerning unresolved matters subject to dispute resolution pursuant to Section IX (Dispute Resolution);

b. To resolve any enforcement action pending on the termination date under this Decree; and

c. To resolve any outstanding stipulated penalties demanded and owing based on the National Compliance Summary Report submitted following the Third Anniversary of this Decree;

Provided that, this Paragraph applies only to matters arising prior to termination. It does not authorize the reopening of this Decree or any extension of the compliance program imposed by this Decree.

## XVIII. PUBLIC PARTICIPATION

76. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The Federal Plaintiff reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Builder consents to entry of this Consent Decree in its present form without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the Federal Plaintiff has notified Builder in writing that it no longer supports entry of the Decree.

66

## XIX.  SIGNATORIES/SERVICE

77.    Each undersigned representative of Builder, of the District of Columbia, the States of Maryland and West Virginia, the Commonwealth of Virginia, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is authorized to execute this Consent Decree and to legally bind the Party he or she represents.

78.    This Consent Decree may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

79.    Builder agrees to waive summons and the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court and agrees to accept service of the complaint by mail.

## XX.  INTEGRATION

80.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than the Appendices, which are attached to and incorporated in this Decree, and deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.  The Parties further acknowledge that the Appendices may be modified pursuant to Section XVI (Modification).

## XXI. APPENDICES

81.     The following appendices are attached to and incorporated into this

Consent Decree:

| APPENDIX A | FORM FOR SITE AND PROJECT LIST |
|---|---|
| APPENDIX B | SWP CRITERIA FOR STORM WATER PLAN PREPARATION |
| APPENDIX C | PRE-CONSTRUCTION INSPECTION AND REVIEW FORM |
| APPENDIX D | SITE INSPECTION REPORT |
| APPENDIX E | QUARTERLY COMPLIANCE INSPECTION |
| APPENDIX F | DIVISION WIDE SUMMARY REPORT |
| APPENDIX G | NATIONAL COMPLIANCE SUMMARY REPORT |
| APPENDIX H | TRAINING--MAY BE MULTIPLE APPENDICES |
| APPENDIX I | LISTED CONTRACTORS |
| APPENDIX J | LIST OF CONTRACTOR DO'S AND DON'TS |
| APPENDIX K | LIST OF SITES SUBJECT TO COVENANT NOT TO SUE |

## XXII. FINAL JUDGMENT

82.     Upon approval and entry of this Consent Decree by the Court, this

Consent Decree shall constitute a final judgment of the Court as to the Federal Plaintiff,

the District of Columbia, the Commonwealth of Virginia, the States of Maryland and

West Virginia, and Builder.  The Court finds that there is no just reason for delay and

68

therefore enters this judgment as a final judgment under Federal Rules of Civil

Procedure 54 and 58.

Dated and entered this __5th__ day of _August_ ___, 2010.

UNITED STATES DISTRICT COURT JUDGE
Eastern District of Pennsylvania

69

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>
<u>Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R.
50.7.


FOR THE UNITED STATES OF AMERICA:


IGNACIA MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue
Room 2603
Washington, DC  20530



NANCY FLICKINGER
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
Ben Franklin Station
Post Office Box 7611
Washington, DC 20044-7611
 (202) 514-5258
Nancy.flickinger@usdoj.gov


70

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Hovnanian Enterprises, Inc. et al, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE UNITED STATES OF AMERICA:

MICHAEL L. LEVY
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

VIRGINIA R. POWEL
Assistant United States Attorney
United States' Attorney's Office
Eastern District of Pennsylvania
615 chestnut Street, Suite 1250
Philadelphia, PA 19106

71

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v. Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE UNITED STATES OF AMERICA:


SHAWN M. GARVIN
Regional Administrator
U.S. Environmental Protection Agency
Region 3
1650 Arch Street
Philadelphia, PA 19103


MARCIA E. MULKEY
Regional Counsel
U.S. Environmental Protection Agency
Region 3
1650 Arch Street
Philadelphia, PA 19103


LORI KIER
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 3
1650 Arch Street
Philadelphia, PA 19103

72

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u> <u>Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE UNITED STATES OF AMERICA:

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Suite 3204
Washington, DC  20406


KELLY K. BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
MC 2243A  Room 3120A
Washington, DC  20406

73

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v. Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE DISTRICT OF COLUMBIA:

KEITH ANDERSON
Interim Director
District Department of the Environment
1200 First Street, NE
7th Floor
Washington, DC   2002


PETER J. NICKLES
Attorney General for the District of Columbia

ELLEN EFROS
Assistant Deputy/ Chief, Equity I Section
Civil Litigation Division

BERNICE I. CORMAN (DC Bar # 979236)
General Counsel
District Department of the Environment
1200 First Street, NE
7th Floor
Washington, DC   2002
Telephone: (202) 535-1951
Facsimile: (202) 535-2881
Bicky.Corman@dc.gov

74

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v. Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE STATE OF MARYLAND:

DOUGLAS F. GANSLER
Attorney General of Maryland


JENNIFER L. WAZENSKI
Assistant Attorney General
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Tel:   (410) 537-3058
Fax:   (410) 537-3943

75

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Hovnanian Enterprises, Inc. et al.

FOR THE COMMONWEALTH OF VIRGINIA:

THE HONORABLE KENNETH T. CUCCINELLI II
Attorney General of Virginia

ELIZABETH A. ANDREWS
Assistant Attorney General
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v. Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R. 50.7

FOR THE STATE OF WEST VIRGINIA:

JENNIFER L. HUGHES
Senior Counsel
Office of Legal Services
West Virginia Department of Environmental Protection
601 57th Street  SE
Charleston, WV 25304
(304) 926-0460
Jennifer.L.Hughes@wv.gov

77

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>
<u>Hovnanian Enterprises, Inc. et al</u>, subject to the public notice requirements of 28 C.F.R.
50.7

FOR THE DEFENDANT:

J. LARRY SORSBY
Executive Vice President and Chief
   Financial Officer
Hovnanian Enterprises, Inc.
110 West Front Street
Redbank, NJ  07701

JONATHAN E. RINDE
Manko, Gold, Katcher & Fox, LLP
401 City Avenue
Suite 500
Bala Cynwyd, PA  19004

77